## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TSANG BROTHERS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MAN LING AU, PING CHUNG TSANG, LAI HING AU, and FIRST COMMERCIAL BANK,<br><br>Defendants. | Civil Case No. CV1218-17<br><br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss and/or Strike Third-Party Claims)** |
| MAN LING AU and PING CHUNG TSANG,<br><br>Counterclaim-Plaintiffs,<br><br>vs.<br><br>TSANG BROTHERS CORPORATION,<br><br>Counterclaim-Defendant. | |
| MAN LING AU and PING CHUNG TSANG,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>WING ON TSANG and KAM VENG TAM,<br><br>Third-Party Defendants. | |

ORIGINAL

# INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Wing On Tsang ("Norman") and Kim Veng Tam's ("Kam Veng") Motion to Dismiss and/or Strike Third-Party Claims. Attorney Ignacio C. Aguigui represents Norman and Kam Veng. Attorney William L. Gavras represents Defendant/Third-Party Plaintiff Lai Hing Au ("Christina"). Attorney Curtis Vandeveld represents Defendant/Third-Party Plaintiffs Man Ling Au ("Man Ling") and Ping Chung Tsang ("Larry"). Attorney Geri E. Diaz represents Plaintiff-Counterclaim Defendant Tsang Brothers Corporation ("TBC").

# BACKGROUND

Norman is the President of TBC. Larry is a shareholder of TBC. Larry was previously the General Manager of Operations for TBC until February 17, 2014, when he was terminated for misconduct. Larry is married to Christina. Christina was previously the Office Manager for TBC and handled the company's finances until her termination on February 17, 2014.

TBC held a credit line account at First Commercial Bank secured by three Time Certificate of Deposit Accounts ("CDs") which contained funds allegedly belonging to TBC but held in Man Ling's name. TBC alleges that Man Ling holds these funds in trust and for the sole benefit of TBC. On October 13, 2017, First Commercial Bank notified Norman that on October 12, 2017, Man Ling revoked a power of attorney which allowed TBC to use funds in the CDs. The CDs could therefore no longer be used to secure TBC's line of credit with First Commercial Bank, disrupting TBC's operations.

In response, on December 1, 2017, TCB filed its Verified Complaint which contains a claim for Conversion of $752,000.00 against Man Ling, as well as a claim of Participating in

and/or Aiding and Abetting against Larry, Christina (collectively with Man Ling, "Individual Defendants"), and First Commercial Bank.

On September 5, 2019, Individual Defendants filed their Answer, Counterclaims, and Third-Party Claims. In the first third-party claim, Man Ling alleges TBC, Norman, and Kam Veng intentionally interfered with the contractual relationship between Man Ling and First Commercial Bank by filing the Verified Complaint ("the Contractual Interference Claim"). Additionally, all three Individual Defendants allege that Norman and Kam Veng falsely claimed that Individual Defendants have wrongly misappropriated funds belonging to TBC ("the Defamation Claim").

On September 30, 2019, Norman and Kam Veng filed the instant Motion to Dismiss and/or Strike Third-Party Claims on the grounds that the third-party claims are improper under Rule 14 and fail to state a claim upon which relief may be granted.

## DISCUSSION

### A. Permissible third-party claims under Rule 14.

Third-party claims and complaints are governed by the provisions of Rule 14 of the Guam Rules of Civil Procedure. Rule 14 is entitled "Third-Party Practice" and is analogous to and modeled after Rule 14 of the Federal Rules of Civil Procedure. Rule 14(a) provides, in relevant part:

> At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served **upon a person not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.**

GRCP 14(a) (emphasis added).

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). A "crucial characteristic" of a Rule 14 action is "that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [the defendant] by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). "Third-party practice or impleader is permitted under [Rule] 14 only where defendant can show that if he is found liable to the plaintiff, then the third party will be liable to [the defendant]." *Index Fund, Inc. v. Hagopian*, 417 F. Supp. 738, 743 (S.D.N.Y. 1976). "In most such cases it has been held that for impleader to be available the third party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." *Id.* (internal quotations omitted). "[I]t is not enough that the Third Party Defendant may be liable to the Plaintiff. The Rule clearly provides that the Third Party Defendant must be one who is or may be liable to the Third Party Plaintiff for all or part of Plaintiff's claim against him." *Rose v. Chicago, R.I. & P. R. Co.*, 308 F. Supp. 1357, 1359 (W.D. Okla. 1970).

### 1. The Contractual Interference Claim.

The Contractual Interference Claim, brought only by Man Ling, alleges that TBC, Norman, and Kam Veng purportedly "interfere[d] with the contractual relationship between [Man] Ling and First Commercial Bank" by "claiming ownership of the funds." Third-Party Compl. at 5, ¶ GG (Sept. 5, 2019). In its own claims as Plaintiff, TBC's success depends on a finding that Man Ling is not the rightful owner of the funds in the CD accounts. If the Court ultimately finds that Man Ling *is* the rightful owner of the funds in the CD accounts, it follows

that Man Ling would succeed in the Contractual Interference Claim because Norman and Kam Veng therefore would have interfered with Man Ling's contractual relationship with First Commercial Bank.

However, Man Ling misunderstands the purpose of Rule 14, which allows third-party claims in situations where a defendant seeks indemnification in the event it is held liable to the plaintiff. Rule 14 plainly states that a defendant may file a third-party claim if the third party may be liable for "all or part of the *plaintiff's claim* against the [defendant]." GRCP 14 (emphasis added). Thus, Rule 14 would allow Man Ling to bring a third-party claim against Norman and Kam Veng if Norman and Kam Veng may be liable for all or part of TBC's claim against Man Ling. Put another way, a third-party claim would be permissible if it sought indemnification in the event that Man Ling *loses* in her role as defendant against TBC. Man Ling's Contractual Interference Claim therefore does not seek to transfer liability for TBC's underlying claims, but instead seeks damages against Norman and Kam Veng in the event that she *succeeds* in defending her claim against TBC. This is not permissible under Rule 14 and the Court therefore dismisses this claim.

### 2. The Defamation Claim.

The Defamation Claim alleges that Norman and Kam Veng made statements accusing Man Ling, Larry, and Christina of misappropriating funds, and that these statements were intended to "embarrass and cause public scorn to [Man] Ling, Larry, and Christina." Third-Party Compl. at 5, ¶ KK.

As with the Contractual Interference Claim, the Defamation Claim fails to seek indemnification from Norman and Kam Veng. Rule 14 would allow the Contractual Interference claim only if Norman and Kam Veng were allegedly liable to Man Ling, Larry, and Christina for

all or part of TBC's claim against Man Ling, Larry, and Christina. While factually related, the Defamation Claim is not alleging that Norman and Kam Veng are liable for the alleged misappropriation of funds. The Court therefore dismisses this claim.[1]

## CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Third-Party Defendants Norman and Kam Veng's Motion to Dismiss and/or Strike the Third-Party Claims contained in the Answer filed September 5, 2019.

A Status Hearing is set for ___4/23/2020___ @ 10:00 a.m.

SO ORDERED ___3/6/2020___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: AGUIGUI, CAMACHO CALVO GARRAS, VAN DE VELD

Date 3/6/20 Time: 10AM
_____
Deputy Clerk, Superior Court of Guam

[1] Because the Court is dismissing the third-party claims due to an improper use of Rule 14, the Court need not reach Norman and Kam Veng's arguments for dismissal due to procedural defects or failure to state a claim.